CHARLES A. DAY·*vs.* CITY OF LAWRENCE.

Essex.    November 4, 1896. — January 9, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Tax* — *Exemption of " Household Furniture "* — *Constitutional Law* —
*Furniture in Rooms used by Boarders.*

The provision of Pub. Sts. c. 11, § 5, cl. 6, exempting from taxation "household
furniture not exceeding one thousand dollars in value," is constitutional.

The exemption from taxation of " household furniture not exceeding one thousand
dollars in value," given by Pub. Sts. c. 11, § 5, cl. 6, applies to all furniture ap-
pertaining to a dwelling-house, and bought and kept for use in the household,
including that used in sleeping-rooms occupied by boarders.

CONTRACT, to recover the amount of a tax paid by the plain-
tiff to the defendant under protest.    The case was submitted to
the Superior Court, and, after judgment for the plaintiff in the
sum of ten dollars, to this court, on appeal by both parties, upon
agreed facts, in substance as follows.

The property taxed consisted of furniture in the house occu-
pied by the plaintiff and his family and boarders.    The house
comprised twenty-three rooms, all of which, with the furniture
therein, were for the common use of the plaintiff's family and
boarders, with the exception of the sleeping-rooms ; of these
latter fifteen were used by the boarders, and the others by the
plaintiff's family and servants.

It is conceded that the proceedings of the assessors in assess-
ing the taxes were regular, and that the list was filed and other
proper steps taken by the plaintiff to preserve his rights if the
property is exempt from taxation by law.

If the plaintiff is legally liable to pay the tax upon all of the
furniture, judgment was to be entered for the defendant.    If the
furniture is exempt from taxation to the value of one thousand
dollars, judgment was to be entered for the plaintiff in the sum·
of sixteen dollars.    If the furniture is exempt from taxation,
except that used in the sleeping-rooms of the boarders, then
judgment was to be rendered for the plaintiff in the sum of
ten dollars.

The case was argued at the bar in November, 1896, and afterwards was submitted on briefs to all the judges.

*C. U. Bell,* for the defendant.

*C. A. De Courcy,* for the plaintiff.

BARKER, J. The plaintiff sues to recover the amount of taxes which he has paid, assessed upon household furniture that he contends was exempt under the provisions of Pub. Sts. c. 11, § 5, cl. 6, which enact that " The following property and polls shall be exempted from taxation. . . . The wearing apparel and farming utensils of every person ; his household furniture, not exceeding one thousand 'dollars in value ; and the necessary tools, not exceeding three hundred dollars in value, of a mechanic."

An exemption of this character is constitutional. Such exemptions have long existed, and it is too late to question the power of the Legislature to make them. See *Minot* v. *Winthrop,* 162 Mass. 113, 123.

The exemption of the kinds of property dealt with in the clause is a very old feature of our scheme of taxation. Looking to the first annual tax act passed after the adoption of the Constitution, St. 1780, c. 43, the assessors are directed to assess the inhabitants " according to the proportion of the amount and just value of their whole personal estate, . . . excepting household furniture, wearing apparel, farming utensils, and the tools of mechanics." These were kinds of property which every taxpayer might have, and the complete exemption of which would have little effect upon the incidence of the whole tax, but would leave it substantially equal and proportionate, and the exemption was granted notwithstanding two of the classes of property, farming utensils and mechanics' tools, were used in getting a living.

The limitation of the exemption of household furniture to an amount less than one thousand dollars in value was first made in the annual tax act of June 12, 1829, (St. 1829, c. 27, § 2,) and that in respect of mechanics' tools by St. 1865, c. 206, and the exemption has remained unlimited in respect to wearing apparel and farming utensils. See Rev. Sts. c. 7, § 5, cl. 4; Gen. Sts. c. 11, § 5, cl. 6 ; Pub. Sts. c. 11, § 5, cl. 6. The changes indicate no departure from the general theory of the exemption, but tend to make its operation more equal in changed conditions of

society. The uniform exemption of all wearing apparel, notwithstanding the great diversity between taxpayers in respect of their ownership of it, points to another consideration which the Legislature would not lose sight of in dealing with the question of exempting household furniture, namely, that minute inquiries by officials into personal and domestic affairs are vexatious and unprofitable, and to be avoided.

The statute gives the exemption explicitly, in plain terms, to " every person," and the only qualification written in the statute is that of value. Every person's household furniture not exceeding one thousand dollars in value is declared to be exempt. The words " household furniture " have been long in use in our tax acts, in statutes concerning attachments and executions, in testamentary writings, and in common speech. The only room for construction in arriving at the meaning of the statute is in ascertaining the sense to be given to these words. That as there used they do not mean necessary furniture only, is shown by the provisions of the Public Statutes relating to the collection of taxes by distress, or seizure and sale of goods, and to property exempt from execution. See Pub. Sts. c. 12, § 8 ; c. 171, § 34. In common speech, the words include all the furniture, furnishings, and utensils of the dwelling, and in the construction of a will they have been held to include bronzes, statuary, and pictures used to adorn a home, if in accord with the means and style of living of the householder. See *Richardson* v. *Hall*, 124 Mass. 228, 237. There is no room for holding that the statute exempts the furniture of the kitchen, the dining-room, or the living-room, any more than that of the drawing-room used only on formal occasions, or of the spare rooms used only to entertain temporary guests ; nor that the utensils used by the housewife in making cheese or butter for sale, or in doing sewing for hire, lose the exemption because of their use.

We are of opinion that the words as used in this statute mean all furniture appertaining to a dwelling-house and bought and kept for use in the household, and that the limitation of one thousand dollars in value was intended by the Legislature to be the only limitation of the exemption, and that the fact that a large portion of the furniture is kept in sleeping-rooms used solely by occasional guests or permanent boarders does not

take it out of the exemption. Indeed, permanent boarders are, under our decisions, part of the householder's family, and entitled to the protection of the house as their castle, as part of the family. See *Oystead* v. *Shed*, 13 Mass. 520, 523 ; *Dodge* v. *Boston & Providence Railroad*, 154 Mass. 299, 301. So, too, the householder retains the possession of the rooms occupied by his lodgers, and of the furniture in them, and a mere lodger in the house of another is not a tenant or an occupier of a house. See *White* v. *Maynard*, 111 Mass. 250, and cases cited.

The construction contended for by the defendant would make the exemption more unequal in its operation if it were limited both in value and by use, and the administration of the law would be difficult and vexatious if it were necessary to ascertain the use of household furniture, or anything more than its aggregate value, in fixing the tax.

In our opinion, the plaintiff's furniture used in the sleeping-rooms of his boarders, and all his furniture up to the value of one thousand dollars, was exempt from taxation, and upon the agreed statement of facts he is entitled to judgment in the sum of sixteen dollars.

*Judgment for the plaintiff for the sum of $10 set aside.*
*Judgment for the plaintiff for the sum of $16.*