# OPINIONS OF THE JUSTICES.

### OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Taxation.   *Taxation*, Real estate tax: exemption.
*Housing. Veteran.*

Proposed legislation exempting newly constructed residential buildings
from local real estate taxation for a period of five years after construc-
tion, whether or not such exemption were limited to buildings "con-
structed for sale to veterans of World War II," would be violative of
c. 1, § 1, art. 4, of the Constitution of the Commonwealth and of art. 10
of the Declaration of Rights.

On March 23, 1949, the Justices of the Supreme Judicial
Court sent the following answers to questions submitted
to them by the Senate in the order described below.

To the Honorable the Senate of the Commonwealth of
Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit these answers to questions set forth in an order
adopted by the Senate on March 3, 1949. A copy of the
order is attached hereto.

The order recites that there are pending before the General
Court the inaugural address of His Excellency the Governor,
printed as Senate Document No. 1, and two petitions with
accompanying bills, printed respectively as Senate Docu-
ment No. 57 and House Document No. 1478. The questions
relate to the constitutionality of a recommendation of the
Governor that "The Constitution permitting," authority
be granted to cities and towns to exempt new residential
construction (the building only and not the land) from local
real estate taxation for a period of five years, and to the
constitutionality of the two bills, apparently designed
wholly or partly to carry out that recommendation in

different ways. The material portions of the bills read as follows: (Senate No. 57) "The value of all buildings to be used solely for residential purposes, except hotels, constructed during the period of one year on and after the effective date of this act, shall be exempt from taxation under the provisions of chapter fifty-nine of the General Laws for a period of five years after date of construction; provided, that said buildings shall continue to be used solely for residential purposes during said period." (House No. 1478) "For the next five years all housing units to be constructed for sale to veterans of World War II shall be exempted from real estate taxation for a period of five years after completion of construction excepting that the land upon which the houses are erected shall continue to be assessed at value."

The questions are these:

"1. Is it within the competency of the General Court, under that clause of Article IV of section one of chapter one of the Constitution of Massachusetts which reads, in part, as follows: — The General Court is empowered 'to impose and levy proportional and reasonable assessments, rates, and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said commonwealth; and also to impose and levy reasonable duties and excises upon any produce, goods, wares, merchandise, and commodities, whatsoever, brought into, produced, manufactured, or being within the same; . . . And while the public charges of government, or any part thereof, shall be assessed on polls and estates, in the manner that has hitherto been practised, in order that such assessments may be made with equality, there shall be a valuation of estates within the commonwealth, taken anew once in every ten years at least, and as much oftener as the general court shall order', or under Article 10 of the Declaration of Rights which reads in part:

"'Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty, and

property, according to standing laws. He is obliged, consequently, to contribute his share to the expense of this protection', or under any other provision of the Constitution relative to taxation or exemption from taxation, to enact a law which would authorize cities and towns to exempt new residential construction from local real estate taxation for a period of five years, substantially as recommended in said Senate Document No. 1?

"2. Is it within the competency of the General Court to enact a law providing that the value of all buildings to be used solely for residential purposes, except hotels, constructed during the period of one year on and after the effective date of said law, shall be exempt from taxation under the provisions of chapter fifty-nine of the General Laws for a period of five years after date of construction; provided, that said buildings shall continue to be used solely for residential purposes during said period, as provided in Senate Document No. 57?

"3. Is it within the competency of the General Court to enact into law a bill providing that for the next five years all housing units to be constructed for sale to veterans of World War II shall be exempted from real estate taxation for a period of five years after completion of construction excepting that the land upon which the houses are erected shall continue to be assessed at value, as provided in House Document No. 1478?

"4. Would the exemption of newly constructed property, as provided in said recommendation or in either of said bills, result in the disproportionate taxation of other property in the same taxing district and thus be violative of any provision of the constitution relating to taxation and the exemption therefrom?

"5. May the General Court provide that the property of one class of persons shall be exempt from the taxes on the same type of property owned by other classes of persons?

"6. Would the effect of said recommendation or of either of said bills, if enacted into law, violate the constitutional

mandate that, in order to be proportional the amount to be raised by taxation shall be shared by the taxpayers according to the taxable real and personal estate of each?

"7. Would the effect of said recommendation or of either of said bills, if enacted into law, be discriminatory between particular persons and classes?

"8. Would the effect of said recommendation or of either of said bills, if enacted into law, cause the taxes imposed on other estates to be unproportional and unreasonable?"

Article 10 of the Declaration of Rights reads in part, "Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing laws. He is obliged, consequently, to contribute his share to the expense of this protection . . . ." It has been said that this is the statement of a general principle, "controlling of all constitutional provisions touching taxation." *Opinion of the Justices*, 270 Mass. 593, 599. But more precise provisions are contained in Part II, c. 1, § 1, art. 4, of the Constitution, by which full power and authority are given to the General Court to "impose and levy proportional and reasonable assessments, rates, and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said commonwealth; and also to impose and levy, reasonable duties and excises . . . ." This article further provides that "while the public charges of government, or any part thereof, shall be assessed on polls and estates, in the manner that has hitherto been practised, in order that such assessments may be made with equality, there shall be a valuation of estates within the commonwealth taken anew once in every ten years at least, and as much oftener as the general court shall order."

The crux of the matter is to be found in the requirements that property taxes, as distinguished from "duties and excises" (see *S. S. White Dental Manuf. Co.* v. *Commonwealth*, 212 Mass. 35, 38), shall be "proportional," and that, while assessments are levied on property for the public charges of government, there shall be periodic valuations,

in order that such assessments "may be made with equality."
The requirement that property taxes be proportional was
not wholly new when the Constitution was adopted. A
provision of the Province Charter dated 1691 granted to
the General Court or assembly "full power and authority"
to "impose and levy proportionable and reasonable assess-
ments, rates and taxes, upon the estates and persons of all
and every the proprietors and inhabitants of our said prov-
ince and territory." The present requirement, like that
of the Province Charter, is a fundamental constitutional
limitation upon the power of the Legislature to impose
property taxes. In *Portland Bank* v. *Apthorp*, 12 Mass.
252, at pages 255–256, this court said that such taxes "must
be proportional upon all the inhabitants of, and persons
resident and estates lying within, the Commonwealth";
that "The exercise of this power requires an estimate or
valuation of all the property in the Commonwealth; and
then an assessment upon each individual, according to his
proportion of that property"; and that this provision
"seems to be intended as a contribution of the individual
citizens, in proportion to the property, whether real or
personal, which they are respectively worth." In *Oliver* v.
*Washington Mills*, 11 Allen, 268, at page 275, this court
said, "The requirement of the constitution is that all taxes
shall be 'proportional.' If any force or effect is to be given
to this word, it must be regarded as a restriction on the
power of the legislative department of the government, and
to have been intended to prevent the exercise of an un-
limited right to impose taxes." And again, on the same
page, "This rule of proportion was based on the obvious
and just principle that the benefit which each person derives
from the government has direct relation to the amount of
property which he possesses and enjoys under its sanction
and protection." And in *Opinion of the Justices*, 220 Mass.
613, at pages 618–619, it was said, of art. 4, "These words
contain the entire grant to tax. . . . The power to tax,
which includes the power to levy assessments, rates and
taxes, relates to persons and property. The power in this

respect is not boundless. It is restricted to the extent that it must be 'proportional and reasonable.' These are words of limitation. Capitation and property taxes must be levied in conformity to this limitation." And see *Lowell* v. *Oliver*, 8 Allen, 247, 253.

The requirement that a tax on property be proportional to the property owned extends to such property taxes as the Legislature authorizes to be assessed and collected through municipalities, although the differences in rates among the different local assessing units has not been regarded as a violation of the proportional principle. *Dorgan* v. *Boston*, 12 Allen, 223, 234–238, 240–241. *Providence Institution for Savings* v. *Boston*, 101 Mass. 575, 586. *Northampton* v. *County Commissioners of Hampshire*, 145 Mass. 108, 111. See *Chelsea* v. *Treasurer & Receiver General*, 237 Mass. 422, 431.

It seems plain that a tax assessed upon most property at the current rate but upon other property at a lower rate, or in this instance (as to buildings) at no rate at all, is not "proportional" to property owned. The result of the enactment of either of the proposed bills would be that a person owning property in the form of a dwelling constructed during the designated period after enactment would pay no taxes upon it for five years, while other property owners would pay at current rates upon all property owned by them, and that a person owning such a dwelling and also other property would pay taxes on only a part of the property owned by him. There would no longer be a uniform ratio between the value of property owned and the taxes upon it. *Cheshire* v. *County Commissioners of Berkshire*, 118 Mass. 386. *Connecticut Mutual Life Ins. Co.* v. *Commonwealth*, 133 Mass. 161. *Opinion of the Justices*, 195 Mass. 607, 614. *Opinion of the Justices*, 208 Mass. 616. *S. S. White Dental Manuf. Co.* v. *Commonwealth*, 212 Mass. 35, 38. *Opinion of the Justices*, 220 Mass. 613, 619–623. *Perkins* v. *Westwood*, 226 Mass. 268. *Animal Rescue League of Boston* v. *Assessors of Bourne*, 310 Mass. 330, 332.

But, it may be argued, the proposed bills merely provide

for exemption from taxation, and there are already many
recognized exemptions, most of which are set forth in G. L.
(Ter. Ed.) c. 59, § 5, as amended. We assume, without
determining, that the pending bills can be treated as in-
tended to create exemptions, although the land would
still be taxed. Just how exemptions are to be reconciled
with the requirement of "proportional and reasonable
assessments, rates, and taxes, upon *all* the inhabitants of,
and persons resident, and estates lying, within the said
commonwealth" (italics ours) contained in c. 1, § 1, art. 4,
of the Constitution is a problem of some difficulty which
cannot be said to have been fully solved. Probably the
solution lies in recognizing that the Constitution states
general principles not all of which can be applied with
absolute literal exactness. Some exemptions founded
upon compelling reasons are permissible, but extreme care
must be exercised to see that they never go to such length
as actually to impair the force of constitutional principles.
The subject is discussed in *Opinion of the Justices*, 195 Mass.
607, where some of the exemptions are mentioned, and
where it was said, "The general purpose of the constitutional
provision . . . is to put the burdens of government equally
upon all the people, in proportion to their ability to bear
them. The Legislature has always had this in view. It
is obviously impossible to devise any system of taxation
that will be absolutely proportional in its operation upon
individuals. The best that the Legislature can do is to
approximate closely to the result desired, and to avoid
every method which has a direct tendency to produce un-
reasonable or disproportional taxation" (page 609). In
the same opinion it was said, "It is manifest from the
language of the Constitution, and from the legislation
under it, that all property within the Commonwealth which
is owned and held in such a way that it ought to be
available by its owner to increase his ability and enlarge
his duty to assist in defraying the expenses of the gov-
ernment, must be included in the property upon which
assessments are made" (page 611). This statement con-

forms to art. 10 of the Declaration of Rights hereinbefore quoted.

The various statutory exemptions can for the most part be collected into certain classes which cannot fairly be said to offend against the foregoing requirements. (1) One large class consists of property belonging to the public or devoted to uses of a public, quasi public, or patriotic nature or to religious, charitable or philanthropic enterprises which tend in some measure directly or indirectly to relieve public burdens. In this class may be placed the exemptions of property of the United States, of the Commonwealth, of literary, benevolent, charitable, and scientific institutions and temperance societies, of incorporated agricultural and horticultural societies, of organizations of veterans, of militia units, of fraternal benefit societies, of retirement systems (including pension payments, G. L. [Ter. Ed.] c. 32, § 19, as inserted by St. 1945, c. 658, § 1), of annuity, pension or endowment associations (including pension payments, G. L. [Ter. Ed.] c. 32, § 41), of religious organizations and churches, of cemeteries, of certain water companies, and of credit unions, all as provided in G. L. (Ter. Ed.) c. 59, § 5, First to Fifteenth, inclusive, as amended in clause Eighth by St. 1947, c. 83, § 1. In this class may also be placed the exemption of the property of housing authorities under G. L. (Ter. Ed.) c. 121, § 26R, as inserted by St. 1946, c. 574, § 1, and of urban redevelopment corporations under G. L. (Ter. Ed.) c. 121A, § 10, inserted by St. 1945, c. 654, § 1, and the exemption of certain property of public service corporations which was, or could have been, taken by eminent domain and is devoted to public purposes. *Assessors of Boston* v. *Boston, Revere Beach & Lynn Railroad*, 319 Mass. 378. *Assessors of Boston* v. *Boston Elevated Railway*, 320 Mass. 588. (2) A second class consists of exemptions of property the underlying purpose of which would seem to be to prevent or to mitigate double taxation. See *Opinion of the Justices*, 261 Mass. 523, 545–546; *Assessors of Boston* v. *Metropolitan Life Ins. Co.* 320 Mass. 559, 563–564. In this class may be placed the exemptions of

property of certain corporations, of certain tangible property situated in other States, of property the income of which is taxable, of deposits in savings banks, of shares in certain partnerships, associations, or trusts, shares in coöperative banks and in certain domestic and foreign corporations and in certain banks, and motor vehicles subject to the excise tax, all as provided in G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467, Nineteenth, and Twenty-seventh to Thirty-fifth, as appearing in St. 1939, c. 24, § 2, inclusive, and of the interests of owners in certain ships and vessels as provided in c. 59, §§ 4, 8. (3) A third class includes exemptions in closely limited amounts of the property of certain persons of small means, including aged and infirm persons (see *Gordon* v. *Sanderson,* 165 Mass. 375) and certain veterans and their wives and widows and the mothers of veterans who lost their lives in the service. The original underlying basis of these exemptions would seem to have been hardship. In this class may be placed the exemptions provided for in G. L. (Ter. Ed.) c. 59, § 5, Seventeenth, as appearing in St. 1941, c. 227, § 1, Eighteenth, as appearing in St. 1941, c. 227, § 2, Twenty-second, as appearing in St. 1947, c. 612, § 1, as amended by St. 1948, c. 560, and St. 1948, c. 644, §§ 1, 2, and Twenty-third, as appearing in St. 1947, c. 647. (4) A fourth class consists of exemptions of certain articles of personal use such as wearing apparel, tools, cash on hand, household furniture and similar articles to a limited amount, and certain young domestic animals. Hardship may have been a reason for these exemptions, coupled perhaps with the belief that every person is entitled to retain free of charge a certain minimum of the necessaries of existence and to freedom from minute inquiry into personal matters, and with reference also to difficulties of valuation and collection. See *Day* v. *Lawrence,* 167 Mass. 371, pointing out that similar exemptions have existed since 1780 and holding the exemption of household furniture valid. In this class may be placed the exemptions provided for by G. L. (Ter. Ed.) c. 59, § 5, Twentieth, as appearing in St. 1947, c. 310, and Twenty-first.

The foregoing classification may not be wholly accurate or satisfactory. In a few instances it might not stand too close scrutiny. There may even be some possible doubt of the validity of some of the exemptions. See *Opinion of the Justices*, 195 Mass. 607, at page 612. Nevertheless, this classification does furnish some helpful indication of the character of the exemptions which have been deemed valid by the Legislature and have been generally accepted and allowed for many years. It shows that these exemptions have not been such as materially to impair the constitutional principle of proportional taxation of property. It also shows that it would be impossible to assimilate the exemptions proposed in the two pending bills to those exemptions that have become to some extent at least sanctioned by long usage.

Moreover, we have not been able to discover any satisfactory distinction between the provisions of the proposed bills and those of St. 1872, c. 306, which was held void in *Cheshire* v. *County Commissioners of Berkshire*, 118 Mass. 386. That statute provided that "All reservoirs of water, with the dams connected therewith and the lands under the same, used to maintain a uniform supply of water for mill-power, shall be assessed for the purposes of taxation in the town or towns where located, at a valuation not exceeding a fair valuation of land of like quality in the immediate vicinity." It is true that the court thought that statute was not intended to create an exemption, but whether or not called an exemption, the effect would have been to have taxed the land with the improvements at the value of land, for the purpose, no doubt, of encouraging manufacturing, just as the effect of the presently proposed bills would be to tax the land upon which are the buildings at the value of the land, for the purpose, no doubt, of encouraging building.

In our opinion the proposed exemptions would not conform to art. 10 of the Declaration of Rights or to the criteria set forth in *Opinion of the Justices*, 195 Mass. 607, from which we have already quoted, and would have "a direct

tendency to produce unreasonable or disproportional taxation" contrary to c. 1, § 1, art. 4, of the Constitution. Such exemptions would, we think, constitute in themselves a serious inroad upon the proportional principle and could readily serve as stepping stones toward still further encroachments.

We do not see how the reference to veterans in House No. 1478 gives that bill any added constitutional sanction. It is true that some advantages have been conferred by statute upon veterans. Certain reasonable expenditures of public money in their behalf have been held to be for legitimate public purposes. *Horrigan* v. *Mayor of Pittsfield*, 298 Mass. 492, 498, and cases cited. *Opinion of the Justices*, 320 Mass. 773, 780–781. *Opinion of the Justices*, 322 Mass. 745, 749–750. They may be given preference in public employment within defined limits. *Brown* v. *Russell*, 166 Mass. 14. *Opinion of the Justices*, 166 Mass. 589. *Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410. *Opinion of the Justices* to the Governor and Council, March 23, 1949.[1] Veterans have been exempted from certain license fees. G. L. (Ter. Ed.) c. 101, § 24, as most recently amended by St. 1948, c. 493, § 4. G. L. (Ter. Ed.) c. 175, § 167A, as most recently amended by St. 1945, c. 368. But the constitutionality of such exemptions has been questioned. *Commonwealth* v. *Hana*, 195 Mass. 262, 266–267. None of these statutes relates to exemptions from taxation. There are, however, the very limited exemptions from property taxes of veterans of small means to which reference has already been made which may be thought to fall within a category of similar exemptions to persons in need, as has hereinbefore been stated. We are not required to pass upon their validity. And there is an exemption from poll taxes. G. L. (Ter. Ed.) c. 59, § 5, Twenty-third, as appearing in St. 1947, c. 647.

It may be doubted how far House No. 1478 is really a bill for the benefit of veterans. It refers to housing units "to be constructed for sale to veterans." There is no assurance

---

[1] Reported *post*, 736.

that such housing units will ever actually be sold to veterans or that only veterans will receive the benefit for the five-year period. Moreover, the bill selects the veterans of only one war for special treatment, without regard to the many living veterans of other wars. In any event, this exemption from taxation, like that in Senate No. 57, does not fall within any existing category of similar exemptions. It is a substantial incursion upon the constitutional principle of proportional and reasonable property taxes as that principle has been interpreted in this Commonwealth for well over a century. Chapter 1, § 1, art. 4, of the Constitution, requiring proportional taxation, contains no exception in favor of veterans.

As was said by our predecessors in *Opinion of the Justices,* 220 Mass. 613, at page 618, "Even the facts stated do not warrant a stretching of the Constitution beyond its fair meaning in order to accomplish an end which at present may be regarded as desirable. The Constitution must be interpreted according to the reasonable import of its words. The principles established by it cannot be varied to meet real or fancied exigencies, but must be applied without modification to new conditions as they arise. The Constitution as framed is the only guide. To change its terms is within the power of the people alone."

We answer "No" to each of questions 1, 2, and 3. It seems to us that these answers dispose of the problems presented in connection with the inaugural address of His Excellency the Governor and the two pending bills, and that answers to the remaining questions are not necessary.

STANLEY E. QUA.
HENRY T. LUMMUS.
ARTHUR W. DOLAN.
JAMES J. RONAN.
RAYMOND S. WILKINS.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.