CHARLES A. NEWHALL & others *vs.* ASSESSORS OF BROOKLINE.

Norfolk.    May 7, 8, 1952. — June 2, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Taxation*, Personal property tax: exemption. *Constitutional Law*, Taxation.

St. 1951, c. 640, § 1, amending G. L. (Ter. Ed.) c. 59, § 5, Twentieth, as amended by St. 1947, c. 310, by increasing the exemption from taxation of household furniture and effects from $1,000 to $5,000, does not violate c. 1, § 1, art. 4, of the Constitution of the Commonwealth.

PETITION, filed in the Supreme Judicial Court for the county of Norfolk on April 2, 1952.

The case was reserved and reported by *Wilkins*, J., without decision.

*Alexander Lincoln*, for the petitioners.

*Daniel G. Rollins*, (*Daniel A. Rollins* with him,) for the respondents.

WILKINS, J. This petition by not less than ten taxable inhabitants of Brookline, purportedly under G. L. (Ter. Ed.) c. 40, § 53, assails the constitutionality of St. 1951, c. 640, which, effective January 1, 1952, amended G. L. (Ter. Ed.) c. 59, § 5, Twentieth, as amended by St. 1947, c. 310, by increasing the exemption from taxation of household furniture and certain other personal effects from $1,000 to $5,000.[1] An injunction against the enforcement of the act is sought. The respondent board demurred to the petition, and the single justice reserved and reported the case without decision. G. L. (Ter. Ed.) c. 211, § 6.

The petition contains allegations, somewhat in detail, as to the effect of the increased exemption in Brookline and, more generally, as to its effect in other municipalities. In Brookline, it is alleged that, due to the exemption, there will be an approximate loss of $8,500,000 in the valuation of household furniture and effects, which in 1951 were valued by the respondent board at $10,142,400 and in 1952 will be valued at within one per cent of that total; that the percentage of the value exempted by St. 1951, c. 640, will be over eighty-three per cent; that the total

---

[1] Material portions of the act relating to the exemption are: "Twentieth, The wearing apparel, farming utensils and cash on hand of every person and the tools of his trade if a mechanic, to any amount; and to an amount not exceeding a total value of *five* thousand dollars in respect to all the articles hereinafter specified in this clause, his household furniture and effects, including jewelry, plate, works of art, musical instruments, radios and garage or stable accessories, in storage in a public warehouse . . . or used or commonly kept in or about the dwelling of which he is the owner of record or for the use of which he is obligated to pay rent, and which is the place of his domicile, and boats, fishing gear and nets owned and actually used by him in the prosecution of his business if engaged exclusively in commercial fishing; provided, that in the case of household furniture and effects the combined exemption of husband and wife shall not exceed *five* thousand dollars . . . ." The italicized words are the only changes in the quoted part of clause Twentieth, made by St. 1951, c. 640, § 1.

assessed valuation in 1951 was $159,589,300, real estate
being $143,989,800 and personal estate $15,599,500; that
the tax rate last year was $38.90; and that at those figures
the exemption would result in a loss of revenue amounting
to $330,650 and an increase in the tax rate of over $2. As
to other municipalities, the allegations are that where house-
hold furniture and effects have been assessed in substantial
amounts, a similar loss in valuation will result from the
increased exemption; that, generally, the value of the
property thus exempted is far the larger part of the total
value of the class of property to which the exemption
applies; and that in municipalities where there are dwelling
houses and apartments containing household furniture and
effects owned by persons there domiciled the diminution in the
amount of taxable personal property will be "considerable."
In conclusion, it is alleged that the effect of c. 640 "is ma-
terially to impair the constitutional principle of proportionate
taxation of property and to make the tax on other classes of
property, and particularly on real estate, disproportionate."

One ground of demurrer is that G. L. (Ter. Ed.) c. 40,
§ 53, is not the proper remedy for testing the constitutionality
of the statute. The respondent board expressly asks that
the case not be decided on this procedural issue. We,
accordingly, shall rest our decision upon the merits of the
constitutional question raised.

The Constitution, Part II, c. 1, § 1, art. 4, reads: "And
further, full power and authority are hereby given and
granted to the said general court, from time to time . . . to
impose and levy proportional and reasonable assessments,
rates, and taxes, upon all the inhabitants of, and persons
resident, and estates lying, within the said commonwealth
. . . .. And while the public charges of government, or any
part thereof, shall be assessed on polls and estates, in the
manner that has hitherto been practised, in order that such
assessments may be made with equality, there shall be a
valuation of estates within the commonwealth taken anew
once in every ten years at least, and as much oftener as the
general court shall order."

A literal interpretation of the Constitution might lead to the invalidation of all exemptions. See *Opinion of the Justices,* 324 Mass. 724, 730. But it is plain that from the earliest days under the Constitution there have been exemptions of household furniture and other designated personal property. At first, the exemption of household furniture, wearing apparel, farming utensils, and tools of mechanics was total. St. 1780, c. 43. Not until 1821 was the household furniture exemption restricted to $1,000.[1] St. 1821, c. 107, § 2.

In 1897 this court had occasion to consider the household furniture exemption in *Day* v. *Lawrence,* 167 Mass. 371. At that time Pub. Sts. c. 11, § 5, Sixth, read: "The wearing apparel and farming utensils of every person; his household furniture not exceeding one thousand dollars in value; and the necessary tools not exceeding three hundred dollars in value of a mechanic." The court in that case, at page 372, said much which is of present application: "An exemption of this character is constitutional. Such exemptions have long existed, and it is too late to question the power of the Legislature to make them. . . . The exemption of the kinds of property dealt with in the clause is a very old feature of our scheme of taxation. Looking to the first annual tax act passed after the adoption of the Constitution, St. 1780, c. 43, the assessors are directed to assess the inhabitants 'according to the proportion of the amount and just value of their whole personal estate, . . . excepting household furniture, wearing apparel, farming utensils, and the tools of mechanics.' These were kinds of property which every taxpayer might have, and the complete exemption of which would have little effect upon the incidence of the whole tax, but would leave it substantially equal and proportionate, and the exemption was granted notwithstanding two of the classes of property, farming utensils and mechanics' tools, were used in getting a living." "Hardship may have been a reason for these exemptions, coupled

---

[1] The statement in *Day* v. *Lawrence,* 167 Mass. 371, 372, that the limitation was first imposed in 1829 is in error.

perhaps with the belief that every person is entitled to retain free of charge a certain minimum of the necessaries of existence and to freedom from minute inquiry into personal matters, and with reference also to difficulties of valuation and collection." *Opinion of the Justices,* 324 Mass. 724, 732. See *Opinion of the Justices,* 195 Mass. 607, 609.

By St. 1947, c. 310, the combined exemption of husband and wife was limited to $1,000. Otherwise there was no change in the amount until the enactment of St. 1951, c. 640. The determination of exemptions is peculiarly within the legislative province, and we cannot say that it was clearly unreasonable to enact a statute raising that amount to $5,000. See *Minot* v. *Winthrop,* 162 Mass. 113, 124. The lapse of one hundred thirty years, virtually without any change in the total exemption, does not preclude a recognition in 1951 that the time had come for taking account of a change in values. The present case surely is not one where this court should interpose a prohibitory opinion of its own to invalidate the enactment and to strike down the legislative declaration that an exemption which was total before 1821, $1,000 till 1951, and $2,000 for a husband and wife till 1947, should thenceforth be $5,000. *Oliver* v. *Washington Mills,* 11 Allen, 268, 279. *Perkins* v. *Westwood,* 226 Mass. 268, 271.

The petition alleges that before the passage of St. 1951, c. 640, a special commission on taxation filed a report, House Doc. No. 2153 (1951), proposing an act whereby the household furniture, furnishings, and effects of every person would be wholly exempted from taxation; but that after opposition made on constitutional grounds the proposed act was amended and became c. 640. Even assuming, as is argued, that the purpose of the amendment was to avoid so far as possible the constitutional objection, while accomplishing, in large measure, the object considered by the special commission to be desirable, there is not created the doubt necessary to invalidate the exemption as being neither proportional nor reasonable.

*Demurrer sustained.*
*Petition dismissed.*