OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Taxation,* Real estate tax: exemption. *Constitutional Law,* Taxation, Equal protection of laws, Opinions of the Justices. *Words,* "Legal residents," "Proportional and reasonable," "Share."

Proposed legislation to exempt from local taxation "Real property, to the amount of five thousand dollars, of any person or persons who are legal residents of the commonwealth; provided, that such property is occupied in good faith by such person or persons as their domicile" would be violative of c. 1, § 1, art. 4 of the Massachusetts Constitution and of art. 10 of the Declaration of Rights. [766–767, 769]

The constitutional authority of the Justices to answer questions by the Legislature does not extend to an expression of opinion on the policy or wisdom of proposed legislation. [769]

On April 11, 1962, the Justices submitted the following answers to questions propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted by the House on April 3, 1962, and submitted to us on April 5. The order refers to House No. 3463 now pending before the House and entitled, "An Act providing for a certain exemption from taxation to resident home owners." The bill seeks to amend G. L. c. 59, § 5, by adding a new exemption from local taxation as follows: "Fortieth, Real property, to the amount of five thousand dollars, of any person or persons who are legal residents of the common- wealth; provided, that such property is occupied in good faith by such person or persons as their domicile."

The questions are as follows:

"1. Is it within the competency of the General Court, under that clause of Article IV of Section I of Chapter I of Part the Second of the Constitution of Massachusetts which reads, in part, as follows: — 'The General Court is empowered to impose and levy proportional and rea- sonable assessments, rates and taxes, upon all the in- habitants of, and persons resident, and estates lying, within the said commonwealth; and also impose and

levy reasonable duties and excises upon any produce, goods, wares, merchandise, and commodities, whatsoever, brought into, produced, manufactured, or being within the same; . . . And while the public charges of government, or any part thereof, shall be assessed on polls and estates, in the manner that has hitherto been practised, in order that such assessments may be made with equality, there shall be a valuation of estates within the commonwealth, taken anew once in every ten years at least, and as much oftener as the general court shall order,' or under Article 10 of the Declaration of Rights which reads, in part, as follows: — 'Each Individual of the society has a right to be protected by it in the enjoyment of his life, liberty, and property, according to standing laws. He is obliged consequently, to contribute his share to the expense of this protection,' or under any other provision of the Constitution relative to taxation or exemption from taxation, to enact a law granting an exemption from taxation of five thousand dollars on real property owned by any person or persons who are legal residents of the commonwealth, provided that such property is occupied in good faith by such person or persons as his domicile?

"2. Is the exemption from taxation provided for in said bill, House, No. 3463 a reasonable exemption based upon grounds of sound public policy?"

The term "legal residents" is likely to give rise to differences of opinion as to what is intended. See *Rummel* v. *Peters,* 314 Mass. 504, 511–514. See also *Krakow* v. *Department of Pub. Welfare,* 326 Mass. 452, 454 ("resident"); *Commissioner of Corps. & Taxn.* v. *Malden,* 327 Mass. 271, 273–274 ("non-resident"); *Aufiero* v. *Aufiero,* 332 Mass. 149, 153 ("residence"). We shall assume that House No. 3463 intends to refer to natural persons domiciled within the Commonwealth.

The apparent aim of the bill is to lighten the impact upon individual home owners of constitutional provisions quoted in the first question and of certain statutes relating to the assessment of local property taxes. These were construed in *Bettigole* v. *Assessors of Springfield,* 343 Mass. 223,

229–232 with quotations from the pertinent authorities. The expression "proportional and reasonable" in Part II, c. 1, § 1, art. 4, "forbids the imposition of taxes upon one class of persons or property at a different rate from that which is applied to other classes." *Opinion of the Justices,* 341 Mass. 738, 750. *Cheshire* v. *County Commrs. of Berkshire,* 118 Mass. 386, 389. *Carr* v. *Assessors of Springfield,* 339 Mass. 89, 92. The words "his share" in art. 10 of the Declaration of Rights "forbid the imposition upon one taxpayer of a burden relatively greater or relatively less than that imposed upon other taxpayers." *Opinion of the Justices,* 332 Mass. 769, 777. See *Stone* v. *Springfield,* 341 Mass. 246, 248.

In *Opinion of the Justices,* 324 Mass. 724, the answer was made that proposed legislation exempting residential buildings from local real estate taxation for a period of five years after construction would be violative of the constitutional provisions quoted in the first question. It was there pointed out (page 729) that a tax assessed upon most property at the current rate but upon other property at a lower or no rate at all would not be "proportional" to the property owned. So, in House No. 3463 an exemption of $5,000 to the favored property owners would similarly result in a tax which would not be proportional to the property owned.

In *Newhall* v. *Assessors of Brookline,* 329 Mass. 100, it was held that an increase from $1,000 to $5,000 in the exemption from local taxation of household furniture and effects did not violate Part II, c. 1, § 1, art. 4. The exempt property "of every person" included "his household furniture and effects . . . in storage in a public warehouse . . . or used or commonly kept in or about the dwelling of which he is the owner of record or for the use of which he is obligated to pay rent, and which is the place of his domicile . . ." (page 101n). The key to the decision is found (page 103) in the quotation from *Day* v. *Lawrence,* 167 Mass. 371, 372: "These were kinds of property which every taxpayer might have, and the complete exemption of which would have little effect upon the incidence of the whole tax, but would leave it substantially equal and proportionate . . . ."

Unlike the exemption in the *Newhall* case, under House No. 3463, if enacted, there inevitably would be discrimination among natural persons domiciled in this Commonwealth as to the local taxation of the properties occupied by them as their homes. In other words, rent payers and rental properties would receive no benefit from the proposed exemption, but, on the contrary, would be subjected to an additional tax burden, direct or indirect, to make up for the taxes lost because of the exemption. Such discrimination would exist apart from any discrimination, which may be equally significant, against all nonresidents and corporate owners as well as individual owners of real estate not occupied by them.

We thus see no justification for the proposed exemption under the constitutional principles allowing certain limited exemptions. In addition to the *Newhall* case, see *Opinion of the Justices,* 195 Mass. 607, 609–611; *Assessors of Quincy* v. *Cunningham Foundation,* 305 Mass. 411, 414–420; *Opinion of the Justices,* 324 Mass. 724, 729–733 (discussing various classifications); *Cabot* v. *Assessors of Boston,* 335 Mass. 53, 60–63, 65; *Opinion of the Justices,* 341 Mass. 760, 778–780. There is no presumption of constitutionality. *Opinion of the Justices,* 337 Mass. 777, 781–782.

To the first question we answer, "No."

We believe that this disposes of the substance of the second question. If, however, the second question goes beyond this, we beg to be excused from making answer, as our authority is limited to an expression of an opinion on constitutional matters and does not extend to questions of policy or the wisdom of proposed legislation. *Opinion of the Justices,* 301 Mass. 615, 617. *Opinion of the Justices,* 314 Mass. 767, 771–772. *Answer of the Justices,* 319 Mass. 731, 734.

RAYMOND S. WILKINS
JOHN V. SPALDING
HAROLD P. WILLIAMS
ARTHUR E. WHITTEMORE
R. AMMI CUTTER
PAUL G. KIRK
JACOB J. SPIEGEL