BERNARD WEINSTOCK & others *vs.* TOWN OF HULL & others.[1]

Suffolk. January 10, 1975. — February 28, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Constitutional Law*, Taxation. *Taxation*, Personal property tax: exemption.

G.L. c. 59, § 5, Twentieth, which exempts household furniture from local property taxation only if it is located at the taxpayer's domicil does not violate either art. 4 of Part II, c. 1, § 1, of the Massachusetts Constitution or art. 10 of the Massachusetts Declaration of Rights as the exemption's distinction between domiciliary furniture and nondomiciliary furniture is reasonably related to the constitutional purpose of equal and proportional taxation [68-70]; nor

---

[1] The defendants in addition to the town of Hull are the board of assessors and the collector of taxes.

does the statute violate the equal protection clause of the Fourteenth Amendment to the United States Constitution because the distinction has a rational basis [70].

BILL IN EQUITY filed in the Superior Court on September 26, 1973.

The suit was heard by *Cross*, J., on a case stated.

The Supreme Judicial Court granted a request for direct appellate review.

*Frank G. Lichtenstein & Mark Lichtenstein*, for the plaintiffs, submitted a brief.

*Haskell A. Lampke*, Town Counsel, for the town of Hull & others.

*Robert H. Quinn*, Attorney General, pro se, & *Kenneth Behar*, Assistant Attorney General, submitted a brief.

WILKINS, J.   The plaintiffs bring this bill for declaratory relief to challenge the constitutionality of that portion of G. L. c. 59, § 5, Twentieth, as amended through St. 1972, c. 144, § 1, which exempts a person's household furniture and effects from the local property tax, if that property is "used or commonly kept in or about the dwelling of which he is [the] owner of record or for the use of which he is obligated to pay rent, *and which is the place of his domicile*" (emphasis supplied).

The plaintiffs are residents of the Commonwealth who are domiciled in municipalities other than Hull.   Each plaintiff owns a dwelling in Hull where he or she resides temporarily during the summer season.   The assessors have assessed the plaintiffs' household furniture and effects in their summer homes in Hull, and each plaintiff has received a personal property tax bill issued by the collector of taxes for the year 1973 and for the first six months of 1974.   The parties agree that an actual controversy exists concerning the constitutionality of G. L. c. 59, § 5, Twentieth, as applied to the plaintiffs' household furniture and effects assessed by the town.

This matter was heard in the Superior Court on a case stated.   The judge rejected the plaintiffs' assertion that

an exemption from local taxation of household furniture and effects only if they are kept in a dwelling which is a person's domicil violates art. 4 of Part II, c. 1, § 1, of the Constitution of the Commonwealth and the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. The plaintiffs appeal.[2] We turn first to a consideration of the plaintiffs' challenge based on provisions of the Constitution of the Commonwealth.

The plaintiffs claim that the requirement of Part II, c. 1, § 1, art. 4, that "assessments, rates, and taxes" must be "proportional and reasonable" invalidates a local personal property tax which distinguishes between household furniture and effects owned by a resident of a municipality and similar property owned by a nonresident of that municipality. The plaintiffs also rely on art. 10 of our Declaration of Rights.

We have observed that a literal interpretation of the Constitution "might lead to the invalidation of all exemptions." *Newhall* v. *Assessors of Brookline,* 329 Mass. 100, 103 (1952). See *Opinion of the Justices,* 324 Mass. 724, 730 (1949). Our cases have recognized, however, the right of the Legislature to grant exemptions which have a reasonable relationship to the constitutional purpose of equality and proportionality, although lacking mathematical precision. See *Opinion of the Justices,* 195 Mass. 607, 609 (1908). Thus an exemption from local personal

---

[2] The final decree declared that the exemption of G. L. c. 59, § 5, Twentieth, did not violate Part II, c. 1, § 1, art. 4, of the Massachusetts Constitution or the Fourteenth Amendment to the Constitution of the United States. It declared additionally that the assessment and tax on the plaintiffs' household furniture and effects were legal and that the statutory distinction between domiciliaries and nondomiciliaries was neither discriminatory nor unconstitutional.

We agree with the trial judge's conclusion that this is an appropriate occasion for declaratory relief. Similar relief has been granted in cases challenging the constitutionality of tax statutes. See cases cited in *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination,* 364 Mass. 444, 449-450 (1973).

property taxation of all household furniture, wherever situated, to a value of $1,000 has been sustained. *Day* v. *Lawrence,* 167 Mass. 371 (1897). An increase in that exemption to $5,000 was upheld in *Newhall* v. *Assessors of Brookline,* 329 Mass. 100 (1952).[3] Where, however, an exemption has "been such as materially to impair the constitutional principle of proportional taxation of property," the exemption has been said to violate the constitutional requirement of proportionality. *Opinion of the Justices,* 324 Mass. 724, 733, (1949) (a five-year exemption for newly constructed residential buildings said to be bad). *Opinion of the Justices,* 344 Mass. 766 (1962) (a $5,000 exemption from assessment of real estate owned by a resident of the Commonwealth and occupied as his domicil said to be violative of Part II, c. 1, § 1, art. 4, of the Massachusetts Constitution and art. 10 of the Declaration of Rights, because it would discriminate against rent payers, the owners of rental properties and others).

We regard the operation of G. L. c. 59, § 5, Twentieth, in its distinction between household furniture and effects kept in or near a person's domicil, and those that are not, as reasonable and not productive of unconstitutional disproportionality. Each plaintiff, and every other individual who has household furniture and effects in a dwelling which he owns or rents, is entitled to the exemption from local property taxes on that property, if the dwelling is his place of domicil. In this respect there is equality of treatment among all potential taxpayers. The loss of that advantage in the municipality where a person has a vacation home presents no greater prospect of disproportionality of taxation than the exemption

[3] By the time of the *Newhall* case, the exemption for household furniture and effects was extended to such property only if it were situated in the place of the owner's domicil. This limitation was adopted in 1918. See St. 1918, c. 42, § 1, amending St. 1909, c. 490, Part I, § 5, Eleventh, a predecessor of G. L. c. 59, § 5, Twentieth. It has been continued since then.

itself or some dollar limit on the exemption, both of which we have upheld.

The classification of household furniture and effects into two groups, one subject to assessment and the other not, presents no substantial question of the denial of equal protection of the laws under the Constitution of the United States. Any distinction in a tax statute which has a rational basis will survive a challenge under the equal protection clause. See *Frost* v. *Commissioner of Corps. & Taxn.* 363 Mass. 235, 247-249 (1973), app. dism. for want of substantial Federal question, 414 U. S. 803 (1973); *Carmichael* v. *Southern Coal & Coke Co.* 301 U. S. 495, 509 (1937); *San Antonio Independent Sch. Dist.* v. *Rodriguez,* 411 U. S. 1, 40-41 (1973); *Kahn* v. *Shevin,* 416 U. S. 351, 355-356 (1974). Certainly a tax applicable to household furniture and effects located in a summer residence, but not applicable to such property located in one's domicil, has a rational foundation.

*Decree affirmed.*