MILTON J. SMITH, trustee,[1] vs. COMMISSIONER OF REVENUE.

Suffolk. January 5, 1981. — March 9, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Taxation*, Income tax. *Constitutional Law*, Taxation, Equal protection of laws.

The taxation of net rental income derived from Massachusetts real estate, pursuant to G. L. c. 62, § 2 (*a*), is permitted by art. 44 of the Amendments to the Constitution of the Commonwealth. [139]

The provision in G. L. c. 59, § 5, Twenty-seventh, which exempts from local taxation all property "other than real estate" if the income from the property is subject to taxation under G. L. c. 62 does not unconstitutionally discriminate between real estate and other property. [139-141]

APPEAL from a decision of the Appellate Tax Board.

*William Gabovitch* for the plaintiff.

*Michael Broad,* Assistant Attorney General, for the defendant.

WILKINS, J. The appellant is the trustee of a Massachusetts trust with transferable shares, owning real estate in Randolph.[2] The trust appeals from a decision of the Appellate Tax Board (board) rejecting the trust's claim for an abatement of income taxes assessed on its net rental income.[3] The trust argues that the assessment of an income tax on its net rental income is unconstitutional because the Commonwealth may not impose both a local real estate tax on the value of the trust's real estate and an income tax on the trust's net rental income. The trust asserts that there is

---

[1] Trustee of the Narist Trust.

[2] We shall refer to the taxpayer-appellant as the trust.

[3] The income was earned between January 1, 1971, and July 31, 1972.

no authority under the Constitution of the Commonwealth to impose an income tax on rental income derived from Massachusetts real estate and that the tax classifications are unfairly discriminatory and deny equal protection of the laws. These assertions are without merit. We affirm the decision of the board.

1. We consider first the trust's claim that G. L. c. 62, § 2 (a), unconstitutionally seeks to impose an income tax on net rental income derived from Massachusetts real estate. There is no question that since the substantial rewriting of the tax law by St. 1971, c. 555, the Legislature had intended that rental income derived from real estate be subject to the State income tax. See *Ingraham* v. *State Tax Comm'n,* 368 Mass. 242, 244-245, 247 (1975).

The Commonwealth's authority to impose an income tax is set forth in art. 44 of the Amendments to the Constitution of the Commonwealth. *Ingraham* v. *State Tax Comm'n, supra* at 245. Article 44 "grants complete authority to tax the full range of incomes." *Id.* at 246. See *Tax Comm'r* v. *Putnam,* 227 Mass. 522, 525-526 (1917). The fact that, prior to the 1971 statutory revision, the sweep of the income tax laws was substantially narrower than permissible under art. 44 does not aid the trust's argument. Since that revision, G. L. c. 62, § 2 (a), has defined Massachusetts gross income as gross income for Federal income tax purposes with certain modifications not material here. See *Barnes* v. *State Tax Comm'n,* 363 Mass. 589, 591 (1973). Article 44 presents no barrier to the achievement of that result.

2. We find no merit to the trust's claim that it is unfairly discriminatory and a denial of equal protection of the laws under the State and Federal Constitutions to impose an income tax on net rental income from property which is also subject to a local property tax. The trust's argument in support of its claim of a constitutionally impermissible tax classification rests on the provision in G. L. c. 59, § 5, Twenty-seventh, as amended by St. 1971, c. 555, § 3, which exempts from local taxation all property "other than real estate," the income from which is or would be taxed under

G. L. c. 62 (the income tax statute). The claim is that § 5, Twenty-seventh, unconstitutionally discriminates between real estate and other property.[4]

Any distinction in a tax statute that has a rational basis will survive a challenge under the equal protection clause. *Weinstock* v. *Hull*, 367 Mass. 66, 70, and cases cited, appeal dismissed for want of a substantial Federal question, 423 U.S. 805 (1975). The breadth of legislative discretion available to the Legislature is wide in tax classifications. See *Mary C. Wheeler School, Inc.* v. *Assessors of Seekonk*, 368 Mass. 344, 346-347 (1975). There is a rational basis for the Legislature to subject real estate to local taxation (subject to exemptions for certain real estate), and not to subject certain other income-producing property to local taxation. It can be found in the expectancy that real estate as a class generally will be the beneficiary of local services in a far greater degree than other forms of income producing property.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

---

[4] We pass by the point raised by the Commissioner of Revenue that a challenge to an exemption provided in a statute concerned with local property taxation cannot properly be raised by a challenge to the denial of an abatement of State income taxes. The income tax statute does not distinguish between the taxability of rental income and the taxability of income from other property.

We see no indication that the trust argued before the board that the exemption from local taxation of income-producing property other than real estate violated the proportionality requirement of Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth. The trust's brief before us cites Part II, c. 1, § 1, art. 4, but does not present any argument worthy of attention in terms of that constitutional provision, nor does that brief consider, in presently relevant terms, the impact of art. 44 of the Amendments to the Constitution, which concerns the income tax. Article 44 states, in discretionary language, that a class of property whose income is taxed "may be exempted from the imposition and levying of proportional and reasonable assessments, rates and taxes as at present authorized by the constitution." We mention the possible argument of an unconstitutional lack of proportionality to make it clear that the issue was not before us in this case and not to suggest that the argument would be meritorious if it were before us.