PROVIDENT INSTITUTION FOR SAVINGS IN THE TOWN OF
BOSTON *vs.* COMMONWEALTH.

SUFFOLK SAVINGS BANK FOR SEAMEN AND OTHERS *vs.* SAME.

Suffolk.   January 26, 1927. — April 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, & WAIT, JJ.

*Tax,* Excise upon savings bank.   *Savings Bank.   Words,* "Deposits."

In assessing the excise tax upon savings banks and trust companies having
savings departments under G. L. c. 63, § 11, as amended by Sts. 1922,
c. 520, § 2; 1923, c. 378, § 3, the commissioner should deduct the full
amount invested in the exempted items enumerated in § 12.

In making such assessment, it was improper for the commissioner to deduct
under § 12, beside the full amount invested in real estate used for
banking purposes, only such proportion of the remaining items men-
tioned in § 12 as the total average deposits of the bank for the period
bore to the total obtained by adding to the total average deposits the
average amount for the period of the guaranty fund and the average
amount of all profits and income accounts.

Two PETITIONS, filed in the Supreme Judicial Court for
the county of Suffolk respectively on November 23 and
November 26, 1926, under G. L. c. 63, § 77, for the abate-
ment of taxes assessed upon the petitioners, the amount of
abatement sought in the first case being $8,755.18, and in
the second case $7,416.44.

The respondent demurred.   The cases were reserved by
*Wait,* J., upon the petitions and demurrers, for determina-
tion by the full court.   The parties agreed in the first case
"that if the demurrer is overruled a decree may be entered
as prayed for in the petition, and that if the demurrer is
sustained the petition is to be dismissed."   There was no
agreement of the parties in the second case.

*C. F. Lovejoy,* Assistant Attorney General, for the Com-
monwealth.

*R. G. Dodge & W. H. Hitchcock,* for Provident Institution
for Savings in the Town of Boston.

*J. Noble,* for Suffolk Savings Bank for Seamen and Others.

*A. E. Pillsbury,* submitted a brief as *amicus curiae.*

CROSBY, J.   These are petitions brought under G. L. c. 63, § 77, by savings banks, duly organized and doing business in this Commonwealth, for the recovery of a portion of a tax alleged to have been unlawfully assessed against them severally under G. L. c. 63, §§ 11–16, inclusive.   The cases were reserved upon petition and general demurrer for determination by this court.   As the question of law presented for decision is the same in each, the first case only need be considered in detail.

G. L. c. 63, § 11, as amended by Sts. 1922, c. 520, § 2; 1923, c. 378, § 3, provides that "Every savings bank and every trust company having a savings department . . . shall pay to the commissioner, on account of its depositors, an annual tax of one half of one per cent, which shall be levied on the amount of the deposits in the savings bank, and on the amount of the deposits in the savings department of a trust company, to be assessed and paid as follows: one fourth of one per cent shall be assessed by the commissioner upon the average amount of such deposits for the six months preceding May first, and paid on or before May twenty-fifth; and a like percentage shall be assessed upon the average amount of such deposits for the six months preceding November first, and paid on or before November twenty-fifth."   Section 12 provides that "So much of said deposits shall be exempt from taxation under the preceding section as is invested in any of the following"; then follows an enumeration of seven kinds or classes of investments of deposits, including "Real estate used for banking purposes."

The return of the petitioner, filed November 8, 1926, stated that the average amount of its deposits for the six months preceding November 1, 1926, was $86,932,920.96. In this return was included a schedule showing the average amount of the guaranty fund for such six months as $4,350,-184.21, and the average amount of all other profits and income accounts as $1,838,851.13.   The return showed the total average of the amounts invested during the same period in the items referred to in § 12 to be $53,409,216.18;

it being stated that all the items were based on the actual net cost of each item regardless of market value or book value.

In assessing the tax due from the petitioner on account of the six months' period ending November 1, 1926, the commissioner adopted for the first time a new method. He deducted from the $86,932,920.96 (the average amount of its deposits) the sum of $716,050, which was the full amount invested in real estate used for banking purposes; but he declined to deduct the full amount of the remaining items exempt under § 12, as had been the method pursued by the taxing authorities for many years previously; and ruled that in assessing this tax the petitioner and all other savings banks were entitled to a deduction only of such proportion of the remaining items mentioned in § 12 as the total average deposits of the bank for the period bore to the total obtained by adding to the total average deposits the average amount for the period of the guaranty fund and the average amount of all profits and income accounts.  Acting upon this method of assessing the tax due from the petitioner, after deducting the item of real estate used for banking purposes, he deducted only such proportion of the other items in the schedule as the sum of the average deposits bore to $93,121,-956.30 — the total of deposits, guaranty fund, profits and income accounts.  This computation resulted in a deduction of $49,191,002, instead of the full amount exempt under § 12, and in an assessment for the period in question of $92,268.79.  This assessment was paid by the petitioner on November 20, 1926.  If the full amount of all items exempt under § 12 had been deducted, as the petitioner contends should have been done, the tax assessed would have been $83,513.61, a decrease of $8,755.18, which is the sum it seeks to recover in this proceeding.

The tax in question is not a property tax upon the petitioner but is an excise imposed upon the privilege of using its franchise.  It is a tax upon the right to conduct its business.  *Commonwealth* v. *People's Five Cents Savings Bank,* 5 Allen, 428.  *Greenfield Savings Bank* v. *Commonwealth,* 211 Mass. 207.  *Provident Institution* v. *Massachusetts,* 6 Wall. 611.

The items mentioned in § 12 exempt from taxation appear in the return as investments of the petitioner's total assets and not as investments of any specific fund. The apportionment by the commissioner of the total of these items (except the amount invested in real estate used for banking purposes) between average deposits and the guaranty fund, and the profits and income accounts, was contrary to the express provisions of the statute, and deprived the petitioner of the total exemption to which it was entitled. It is clear that the full amount invested in the exempt items enumerated in § 12 should be deducted from the average amount of deposits for the six months' period ending November 1, 1926, and that the tax should be computed upon the difference between those amounts.

The result of the decisions in *Suffolk Savings Bank, petitioner,* 149 Mass. 1; *S. C.* 151 Mass. 103, as applied to the case at bar, is that in levying the tax under § 11, the amount with which the bank stands charged on its books as received from its depositors is to be used, and in calculating the exemptions under § 12 all investments of the bank described in *a* to *g* inclusive, however denominated on its books, are to be deducted. The guaranty fund and undivided profits are divisions of assets of the bank required by the statute, which have no relation to the assessment of the excise tax. It therefore follows that, in the return of the Provident Institution for Savings, the average amount of deposits which forms the basis of the computation is $86,932,920.96, from which is to be deducted $53,409,216.18, and that the excise tax is to be assessed on the remainder.

To follow the construction of the statute contended for by the Commonwealth would be a substitution of a complicated, unsatisfactory and cumbersome method, in place of a long established, simple, direct and practical way of determining the tax. The commissioner in assessing the tax in these cases should have done so in conformity with the statutes as construed in the cases above referred to, by deducting from the average amount of deposits the full amount of all the items included in § 12. It follows that in each case the

demurrer is overruled and that the petitioner is entitled to a decree for the repayment to it of the excess of the tax collected without authority of law, together with interest thereon from the date on which it was paid; costs to be taxed by the clerk of the court.  G. L. c. 63, § 78.

*Decrees accordingly.*