MARY A. ROBERTS *vs.* STATE TAX COMMISSION.

Suffolk.   October 8, 1971. — January 4, 1972.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSEY, JJ.

*Taxation,* Income tax. *Constitutional Law,* Equal protection of laws, Taxation. *Words,* "Married individual."

A married woman who had long been separated from her husband in fact, but not under any judicial decree of divorce or annulment or separate maintenance, whose husband had not supported her or their children and was not available to sign a joint Massachusetts income tax return, and who filed a return stating that she was married and filing separately, was not a person "not to be considered as married" for income tax purposes within G. L. c. 62, § 61 (d), inserted by St. 1966, c. 698, § 25, but was a "married individual" within § 6B, inserted by St. 1966, c. 14, § 7, and, by reason of her failure to file a joint return as required by § 6B, was not entitled to credits thereunder |726–728|; so construed and applied, § 6B did not deny her equal protection of law in violation of the Fourteenth Amendment of the Constitution of the United States |728–730|.

APPEAL from a decision by the Appellate Tax Board.

*Brian M. Olmstead (James J. Cotter* with him) for the taxpayer.

*Daniel J. Johnedis,* Assistant Attorney General, for the State Tax Commission.

QUIRICO, J.   This is a proceeding brought by Mary Roberts (taxpayer) to enforce payment of a refund in the amount of $68 which she claims is due her under the provisions of G. L. c. 62, § 6B, inserted by St. 1966, c. 14, § 7, and as amended through St. 1967, c. 755, § 1.[1] The taxpayer filed a simplified form of income tax return (Form 1A) for the year 1968 on which she duly claimed the refund in

---

[1] The pertinent provisions of § 6B are the following: "Every qualified taxpayer, as hereinafter defined, shall be entitled to a credit of four dollars

question.  When her claim was disallowed by the Commissioner of Corporations and Taxation, she seasonably appealed to the State Tax Commission which also denied her claim.  She then seasonably appealed to the Appellate Tax Board (board) with the same result.  The case is before this court on her appeal from the decision of the board under the provisions of G. L. c. 58A, § 13, as amended through St. 1969, c. 692.

At the request of the taxpayer the board reported the facts found by it.  The findings were based almost entirely on a stipulation of facts filed by the parties.  We summarize the pertinent portion of the findings.  The taxpayer is married but she has not seen her husband since 1957.  She has been separated from her husband in fact but she has not filed any petition against him in the Probate Court seeking support or any other relief on the basis that she is living apart from him for justifiable cause. G. L. c. 209, § 32, as amended through St. 1968, c. 370. She is the mother of eight children.  Her income tax return for the year 1968 gave her status as married and filing separately, listed her eight children as dependents, and stated her income for the year as $987.35.  In addition thereto she received aid from the Welfare Department. The total of her income and public aid was less than $5,000. On her return she requested a refund under G. L. c. 62, § 6B, in the sum of $68.  This was computed on the basis of $4 for herself and $8 for each of her eight children.

---

for himself, four dollars for his spouse, if any, and eight dollars for each qualified dependent, as hereinafter defined; provided, however, that such credit shall not be allowable if the total income subject to taxation under this chapter of such individual and his spouse, if any, exceeded five thousand dollars for such year.  No such credit shall be allowable to a married individual unless a joint return is filed under this chapter or chapter sixty-two A.  If the tax due as shown by the return of any individual is less than the total amount of the credits which he is entitled to claim pursuant to this section, such individual shall be entitled to a refund in the amount of the excess of the credits over the tax otherwise due."

This provision was recently recodified as G. L. c. 62, § 6 (b), by St. 1971, c. 555, § 5, applicable to taxable years commencing after December 31, 1970. See St. 1971, c. 555, § 67.

The reason given by the Commissioner of Corporations and Taxation, the State Tax Commission and the Appellate Tax Board for denying the taxpayer's claim for the refund was that she was not entitled thereto because of failure to comply with that part of G. L. c. 62, § 6B, which states that "No such . . . [refund] shall be allowable to a married individual unless a joint return is filed under this chapter or chapter sixty-two A." The taxpayer now asks this court to construe the statutory words "married individual" in a manner which will exclude all of those persons whose status is like hers, viz., legally married but living apart from and not supported by their spouses and whose spouses are not available to sign a joint return.

The first argument advanced in behalf of the taxpayer for treating her as though she were not a "married individual" despite the fact that she is lawfully married is that to do otherwise would defeat what is contended to be a legislative purpose "to lift from the poor some of the burden imposed by the retail sales tax." We recognize a legislative purpose to permit either an income tax credit or a refund of specified amounts to certain taxpayers provided that, in the case of married persons, the total income of both spouses subject to taxation does not exceed $5,000 and provided further that they file a joint income tax return. The language chosen by the Legislature is clear and unambiguous. To hold that the taxpayer was not a "married individual" in 1968 simply because she had not seen her husband since 1957 and because her husband had not supported her and their children in that period would require a flagrant distortion of the language of the statute. "[T]he words of the statute cannot be stretched beyond their fair meaning in order to relieve against what may appear to be a hard case." *Grove Hall Sav. Bank* v. *Dedham*, 284 Mass. 92, 96. "This is a case where there is no room for judicial interpretation of anything but plain, homely words of the English language used by the Legislature, which must be presumed to have intended what they so plainly said." *Westgate* v. *Century Indem. Co.* 309 Mass. 412, 416.

Once lawfully created, the marital status continues until it is terminated by the death of one of the spouses or by a judicial decree of annulment or divorce. It does not cease to exist on the separation of the spouses, regardless of the reason for or length of the separation. This permanent status is not one which can be ignored and treated as nonexistent whenever it may be convenient to do so to qualify for a tax refund not otherwise available to the person claiming the refund. We hold that the taxpayer was a "married individual" within the meaning of the statute.

The taxpayer argues that "[t]he Tax Commission itself has not construed the word 'married' according to its lay meaning [and that] recognizing the purpose of § 6B, it has excluded from the definition of 'married' persons who are legally separated." The taxpayer is mistaken in contending that this result was reached as a matter of administrative interpretation. The commission was simply following the dictates of the Legislature contained in G. L. c. 62, § 61 (d), inserted by St. 1966, c. 698, § 25,[2] to the effect that for the purposes of c. 62, "An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." [3] The taxpayer does not come within this provision since her separation from her husband is not under any court decree. The Legislature's choice of the language which is quoted above from § 61 (d) supports, and perhaps requires, the conclu-

---

[2] This provision was recently recodified as G. L. c. 62, § 1 (h), by St. 1971, c. 555, § 5, applicable to taxable years commencing after December 31, 1970. See St. 1971, c. 555, § 67

[3] The Commissioner of Corporations and Taxation was guided in his administration of G. L. c. 62, § 6B, by an opinion of the Attorney General dated May 4, 1967, in reply to an inquiry from him whether eight specified classes of persons "are entitled to personal income tax credits or refunds under G. L. c. 62, § 6B." One of the classes was: "7. Any married person estranged from his or her spouse who cannot meet the requirements of filing a joint return (because the spouse is of parts unknown)." The pertinent portion of the opinion was as follows: "Nothing in the statute excepts parties to broken marriages from the requirement that if a person is married, he and his spouse must file a joint return in order to qualify for the credit or refund." Rep. A. G., Pub. Doc. No. 12 (1967) 214, 215–216.

sion that it did not intend that every married person separated from his or .her spouse should not be considered as married, but only those who were "legally separated . . . under a decree of divorce or of separate maintenance." Cf. *McArthur Bros. Co.* v. *Commonwealth*, 197 Mass. 137, 139; *General Elec. Co.* v. *Commonwealth*, 329 Mass. 661, 664; *Iannelle* v. *Fire Commr. of Boston*, 331 Mass. 250, 252–253.

The taxpayer next argues that if G. L. c. 62, § 6B, is construed to include her in the category of a "married individual" and therefore to require her to file a joint income tax return in order to obtain the refund in question, it violates the equal protection provision of the Fourteenth Amendment of the Constitution of the United States.[4] She contends that the violation is inherent in the fact that it deprives her of the right to obtain a refund which it allows to (a) married couples able and willing to join in the filing of a joint return, and (b) married individuals who are legally separated under a decree of divorce or of separation. She contends that the statutory classification is arbitrary and without rational basis, and that it therefore unconstitutionally discriminates against her. We do not agree.

There is no constitutional requirement that tax statutes be so framed that they insure absolute equality of economic impact on all persons, or that they insure equal sharing by all persons of the burdens of the tax and of the benefits therefrom. Such a result is neither required nor possible. "Taxation is a practical matter, and mathematical uniformity in the distribution of the public burden arising from governmental expenses is an impossible attainment." *Old Colony R.R.* v. *Assessors of Boston*, 309 Mass. 439, 446. The Constitution does not require that a tax statute exact the same amount from every person or none from any;

---

[4] The taxpayer's brief also claims that the statute violates art. 10 of the Declaration of Rights but it contains no elaboration or argument of that specific claim. We do not deal with it apart from the claim of violation of the equal protection clause of the Fourteenth Amendment.

and it does not require that it allow the same credit or refund to every person or none to any. It does not require that a tax statute cut down every outcropping of private economic wealth for use in filling every private deficiency in such wealth. The Constitution permits the Legislature to make reasonable classifications of persons, property, income and expenses for different treatment under tax statutes. "A classification by a Legislature of property and persons for the purpose of taxation is not violative of . . . [the equal protection] clause of the Fourteenth Amendment so long as any basis of fact can be reasonably conceived showing that the distinction upon which it rests has a fair and rational relation to the object sought to be accomplished by the enactment, and so long as, the classification being valid, the State deals equally with all the members of the same class." *Old Colony R.R.* v. *Assessors of Boston, supra,* p. 446. *Maher* v. *Brookline,* 339 Mass. 209, 213.

The taxpayer in this case contends that the statute in question is invalid because its classification of persons entitled to refunds under § 6B deprives her of equal protection of the law. She has thereby assumed the very heavy burden of proving that the classification cannot be supported on any conceivable basis. She has not sustained this burden. The statute is entitled to a presumption of constitutionality. This presumption "must prevail in the absence of some factual foundation specifically set forth in the record for overthrowing the statute." *Commonwealth* v. *Leis,* 355 Mass. 189, concurring opinion, p. 200. *Pinnick* v. *Cleary, ante,* 1, concurring opinion, pp 32–33. The commission's brief suggests several conceivable bases on which the statutory classification can be supported. It is not necessary for us to indorse those bases or to attempt to determine which are more likely to have influenced the Legislature in establishing the classification. It is no more difficult to conceive a basis to support the

classification under attack by the taxpayer than it would be to support the classification which denies refunds under § 6B to persons or married couples whose taxable income exceeds $5,000.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*