JOSEPH BORDEAU[1] *vs.* REGISTRAR OF MOTOR VEHICLES.

Suffolk.    March 11, 1977. — September 23, 1977.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Statute,* Construction.    *Taxation,* Motor vehicle excise tax: abatement, void tax.    *Words,* "Overpayment," "Excise."

The owner of a registered motor vehicle may contest costs or fees assessed in connection with allegedly delinquent excise taxes imposed on the vehicle by following the abatement procedure set forth in G. L. c. 60A, § 2, as amended, although that section expressly mentions only interest; the provision of § 2 that if an abatement of an "excise" is granted "any overpayment with interest thereon... shall be refunded" broadens the scope of "excise" to include other costs. [432-433]

G. L. c. 60, § 98, is not available as a remedy for recovery of costs and interest in connection with allegedly delinquent excise taxes not claimed to be totally void. [433-435]

If an application for abatement of a motor vehicle excise tax is not applied for "on or before December thirty-first of the year next succeeding the year to which the excise relates," as specified in G. L. c. 60A, § 2, as amended, the taxpayer may not contest the excise and any associated fees and costs by an abatement action under that section, even though after such time the local collector institutes proceedings under § 2A for suspension of the certificate of registration. [436]

After expiration of the period specified in G. L. c. 60A, § 2, as amended, for bringing an action for abatement of a motor vehicle excise tax not claimed to be totally void, the taxpayer may not contest the excise and any associated fees and costs by a proceeding under c. 60, § 98, even though after such period the local collector institutes proceedings authorized by c. 60A, § 2A, for suspension of the registration certificate. [436-437]

---

[1] Individually and on behalf of the class he represents.

QUESTIONS OF LAW certified to the Supreme Judicial Court by the United States District Court for the District of Massachusetts.

*Mitchell I. Greenwald* (*Richard M. Bluestein* with him) for the plaintiff.

*Mitchell J. Sikora, Jr.,* Assistant Attorney General, for the defendant.

LIACOS, J. A three-judge United States District Court has certified five questions pursuant to Supreme Judicial Court Rule 3:21, 359 Mass. 790 (1971). These questions concern the applicability and interpretation of various statutes governing the remedies available to a taxpayer who wishes to contest the validity of an automobile excise tax imposed on a motor vehicle registered in his name. G. L. c. 60A, § 1.

The plaintiff initiated this action on behalf of himself and others similarly interested, Fed. R. Civ. P. 23, under 42 U.S.C. § 1983 (1970), in the United States District Court, District of Massachusetts. A three-judge District Court was convened in accordance with 28 U.S.C. §§ 2281 and 2284 (1970) to adjudicate the plaintiff's claim that G. L. c. 60A, § 2A, as amended through St. 1973, c. 139,[2] is invalid, on its face and as applied, in so far as the statute authorizes the Registrar of Motor Vehicles to suspend without a hearing the automobile registration of any person who fails to pay his State automobile excise tax. The questions posed by the Federal court for our resolution concern not the constitutionality of the Massachusetts procedures, but whether the various Massachusetts statutes, in particular G. L. c. 60A, § 2, as amended through St. 1974, c. 211,[3] and G. L. c. 60, § 98, provide one such as the named plaintiff a means to contest not

---

[2] Although not noted in the briefs of either party, we note that G. L. c. 60A, § 2A, has been further amended by St. 1976, c. 398, § 1. The amendments do not seem to change the posture in which the case arises.

[3] General Laws c. 60A, § 2, was subject to recent amendment in St. 1976, c. 415, § 4. Again, see note 2 *supra,* the changes do not seem material to the resolution of the issues herein.

only the amount of excise tax actually due but any incidental costs and interests appurtenant to the basic excise tax liability. The specific questions will be set forth in the margin at appropriate points in this opinion.

1. We have recently set forth the general principles governing our role in answering certified questions. *Baird* v. *Attorney Gen.*, 371 Mass. 741 (1977). We need not recite those same principles in detail here. It is sufficient to state that, where a question is certified concerning the meaning of a State statute, that construction of the statute which will result in an adjudication of its constitutional validity should be adopted, if possible. *Baird* v. *Attorney Gen., supra.*

2. The statutory scheme under which this case arises imposes an excise tax "on every motor vehicle and trailer registered under chapter ninety, for the privilege of such registration." G. L. c. 60A, § 1, as amended through St. 1974, c. 242, § 1. The tax bills are furnished by the Registry of Motor Vehicles to the local tax collectors, who then forward the bill to the registered owner. G. L. c. 60A, § 2. Payment of the bill is due sixty days after the collector sends it out irrespective of whether the registrant actually receives such notice. *Id.*

If the tax is not paid within the sixty days, the local collector may then send out a demand notice, but such notice may not be sent out until at least thirty days after the tax is due and payable. G. L. c. 60A, § 2A. If the tax is still unpaid fourteen days after such demand, the local collector is required to notify the Registrar who in turn is to notify the taxpayer that the automobile registration will be suspended without further notice unless the taxpayer furnishes, within thirty days of the mailing of the Registrar's notice, evidence that the accrued amounts have been paid. It is the operation of this provision which forms the basis of the plaintiff's case in the Federal court.

3. The first question certified by the District Court[4]

---

[4] "1. When a person wishes to contest costs or fees assessed in connection with allegedly delinquent excise taxes:

"a. Does the abatement remedy of M.G.L. c. 60A § 2, in light of the

concerns the scope of the abatement procedure set forth in G. L. c. 60A, § 2, as amended through St. 1974, c. 211. The key language in § 2 provides that: "The owner, if aggrieved by the excise assessed, may on or before December thirty-first of the year next succeeding the year to which the excise relates apply for an abatement. . . . If an abatement is granted of an excise . . ., any overpayment with interest thereon . . . shall be refunded." The abatement procedure also provides appellate remedies to proper administrative bodies. See G. L. c. 59, §§ 64, 65. It should be noted at this point that the local collector may not send a notice of nonpayment to the Registrar while a duly filed application for an abatement is pending or until thirty days after final notice of the disposition of the application. G. L. c. 60A, § 2A.

The concern of the Federal court is whether the abatement procedure set forth in § 2 is broad enough to encompass not only the excise tax itself but other incidental costs and interest[5] which may be imposed appurtenant to the excise itself. The court's concern results from the fact that while § 2 states that the abatement relief is available to challenge the amount of the "excise" assessed, § 2A provides that the registry may require evidence that "the excise, and all interest thereon and costs relative thereto, have been paid or legally abated" as the prerequisite for halting the process of suspension. The plaintiff argues that the abatement procedure is not available to contest costs and fees whereas the Registrar contends the converse is true. We agree with the Registrar.

The purpose of the abatement procedure is to ensure that a taxpayer suffers no injury by an improperly as-

---

language of § 2A ('the excise, and all interests thereon and costs relative thereto, have been paid or legally abated'), provide an opportunity to contest the costs and fees?"

[5] The parties and the United States District Court have used the term "costs" interchangeably with the terms "charges," and "fees and interest." No material difference arises from the distinction in the terms. General Laws c. 60A, § 2A, speaks of "interest" and "costs" and would appear to cover all such items as are in issue here.

sessed excise tax. The statute creating the remedy states that if the abatement is granted, *"any overpayment"* (emphasis supplied) with interest shall be refunded. The term "overpayment" is obviously broader in scope than the term "excise" and we believe that the term "excise" must then be read to include not only the excise, but other costs as well. Our construction of the scope of the remedy available in the abatement procedure requires an interpretation of the term "excise" broad enough to allow an aggrieved taxpayer the right to correct a possible injury due to a wrongful assessment of any charge associated with the excise tax.

In addition, as noted by the District Court, the taxpayer may stop the suspension process by furnishing evidence that the excise, and all interest thereon or costs relative thereto, have been paid or legally abated. G. L. c. 60A, § 2A. It would be anomalous to interpret the statute so that the abatement procedure was not sufficient to furnish the taxpayer with the necessary evidence to show compliance with the law. Such a result would follow if the plaintiff's construction was adopted. In the absence of strong evidence that the Legislature intended to put the taxpayer in such an anomalous situation, we decline to adopt such a construction.[6] *County Comm'rs of Middlesex County* v. *Superior Court,* 371 Mass. 456 (1976).

We therefore answer question 1 (a), Yes.

4. A further question posed by the District Court is whether G. L. c. 60, § 98,[7] is available as a remedy for

---

[6] The plaintiff has argued that the current administrative interpretation of the statute, which is entitled to some degree of weight, *Board of Educ.* v. *Assessor of Worcester,* 368 Mass. 511, 516 (1975), is to the contrary. Assuming without deciding that the record is sufficient to sustain this argument, such practice is not dispositive of the issue.

[7] General Laws c. 60, § 98, reads as follows: "No action to recover back a tax shall be maintained, except as provided in sections sixty and eighty-five, unless commenced within three months after payment of the tax nor unless such tax is paid either after an arrest of the person paying it, a levy on his goods, a notice of a sale of his land, a written protest signed by him, or a withholding of money due him under section ninety-three. In an action founded on an error or irregularity in

recovering incidental costs and interest to an allegedly delinquent excise tax.[8] The question is presented in a somewhat difficult light because it is not clear whether the inquiry (1) relates to the availability of § 98 as a means for recovering costs incidental to a challenge of the entire excise tax or (2) is for the purpose of ascertaining whether § 98 is available to recover the incidental costs and fees without a challenge to the underlying tax. As we understand the facts included in the certification from the District Court, there is an admitted tax liability for at least two years. The briefs and statement of agreed facts, however, indicate that there are years for which the entire liability is questioned. Since the question concerns costs assessed "in connection with allegedly delinquent" taxes, we answer this question in the posture of availability of § 98 as a vehicle for recovery of costs and interest incident to excise taxes not claimed to be wholly invalid.

The Registrar spends much of his argument trying to establish that when § 98 is available to a taxpayer challenging the validity of the imposition of a tax, the remedial scope of the procedure set forth would properly include costs and interest incidental to the underlying liability. Assuming without deciding that this is true, it does not aid the resolution of the issue before us or address the apparent concern of the District Court as to the availability of § 98 to recover just the incidental costs.

The answer to the question is controlled by our decision in *Sears, Roebuck & Co.* v. *Somerville,* 363 Mass. 756 (1973). In that case we reiterated the rule that the procedure set forth in § 98 was not available to challenge a claim of excessive taxation without any allegation that the tax was void in its entirety. See, e.g., *Norwood* v. *Norwood*

---

the assessment or apportionment of a tax, only the amount in excess of the tax for which the plaintiff was liable shall be recoverable; and no sale, contract or levy shall be avoided solely by reason of such error or irregularity."

[8] "1. When a person wishes to contest costs or fees assessed in connection with allegedly delinquent excise taxes: . . .
"b. Does M.G.L. c. 60 § 98 provide such an opportunity?"

*Civic Ass'n,* 340 Mass. 518 (1960). The result is predicated on the availability of administrative procedures for remedying allegations of excessive taxation through the abatement process and a concomitant understanding of a legislative purpose which recognized that "[t]o allow a civil action to recover an excess tax would transfer to the courts a function which the Legislature has delegated to an administrative body. It would create the possibility of a multiplicity of civil actions to recover illegally assessed taxes, and it is entirely improbable that the Legislature intended any such result. . . . It can be reasonably assumed that the Legislature contemplated that . . . an administrative board would have the specialized expertise to deal with cases involving mostly factual issues." *Sears, Roebuck & Co.* v. *Somerville, supra* at 758-759.

It seems to us that the reasoning of the *Sears* case is equally applicable to the instant case. Given our interpretation of the scope of the abatement remedy in G. L. c. 60A, § 2, the same difficulties would be present if we held, in spite of *Sears,* that § 98 provided a correlative remedy to challenge the accuracy of those same items without the additional allegation that the tax is totally void. As pointed out by the plaintiff, such a result would tend to undermine the integrity of the administrative process which deals with claims of excess motor vehicle excise taxation. For these reasons we answer question 1 (b), No.

5. The second set of questions certified by the District Court concerns the availability of certain procedures to challenge the imposition of an excise tax and incidental costs and fees after the period set forth in G. L. c. 60A, § 2. We note at the outset that the certification from the District Court does not make entirely clear how the answers to this general inquiry may be in any way determinative of the litigation as required by our rule. It seems to us that the heart of the plaintiff's argument is the unavailability of a constitutionally adequate hearing prior to the registration suspension authorized by G. L. c. 60A, § 2A. However, the complaint challenges the statute not

only on its face, but also as applied to the named plaintiff. The statement of agreed facts concerning the plaintiff indicates that he may have a desire to challenge the imposition of interest and costs for the year 1972, a period sufficiently prior to this point in time to be outside the express terms of G. L. c. 60A, § 2. Perhaps it is this factor which prompts the concern of the District Court. While we cannot determine exactly how the availability of such remedies will effect the resolution of the constitutional issue, we defer to the judgment of the District Court whose members are presumably familiar with the requirements of our rule.

6. Question 2 (a) of the certified inquiries concerns the availability of § 2 after the time period set forth in the statute.[9] Both parties are in agreement that the explicit provisions of § 2 preclude resort to the procedures set forth therein if the abatement is not applied for "on or before December thirty-first of the year next succeeding the year to which the excise relates." The language of the statute is susceptible of no other interpretation and we must therefore answer question 2 (a), No.

7. Question 2 (b) put by the District Court is whether § 98 may supply a remedy for the taxpayer after the period set forth in G. L. c. 60A, § 2.[10]

The answer to the question is readily inferable from our previous discussion of § 98 and our reaffirmation of the *Sears* case. Both discussions rest on the fundamental proposition that the remedy set forth in § 98 is to be viewed wholly apart from any abatement procedure since the nature of the claim necessary to invoke the procedure is

---

[9] "2. If after the time for bringing an abatement action under M.G.L. c. 60A § 2 has expired, a local collector institutes the suspension process authorized by M.G.L. c. 60A § 2A:

"a. May the taxpayer contest the excise and any associated fees and costs by an abatement action under M.G.L. c. 60A § 2?"

[10] "2. If after the time for bringing an abatement action under M.G.L. c. 60A § 2 has expired, a local collector institutes the suspension process authorized by M.G.L. c. 60A § 2A: . . .

"b. May the taxpayer contest the excise and any associated fees and costs by a proceeding under M.G.L. c. 60 § 98?"

fundamentally different in each case. The time limits of § 2 are wholly irrelevant to § 98 proceedings and thus the only time limitation under the latter is that the action should be instituted within three months after payment of the tax. G. L. c. 60, § 98. As an abstract proposition, we would be inclined to answer the question in the affirmative. However, as our previous discussion indicates, § 98, if it is available to challenge incidental costs and interest, is only available where the basis of the challenge is predicated on the total invalidity of the underlying tax assessment. Since the question is apparently not addressed to this situation, we must therefore answer it, No.

8. The last question inquires as to the existence of the possible remedies if the answers to the previous questions are in the negative.[11] Inasmuch as we have answered question 1 (a) affirmatively, we do not deem the certification to call for any other exposition of State law on our part.

The Reporter of Decisions is to furnish attested copies of this opinion to the clerk of this court. The clerk, in turn, will transmit one copy under the seal of this court to the clerk of the United States District Court, District of Massachusetts, in answer to the questions certified, and will also transmit a copy to each party.

*So ordered.*

---

[11] "3. If either (1) or (2) is answered in the negative, does Massachusetts law provide a taxpayer with some other opportunity to contest the relevant tax or associated costs and fees without having his registration suspended?"