## Lily Transportation Corp. *vs.* Board of Assessors of Medford & another.[1]

Suffolk. February 5, 1998. - April 10, 1998.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Taxation,* Excise, Abatement. *Constitutional Law,* Taxation. *Due Process of Law,* Taxation.

The Appellate Tax Board correctly concluded that G. L. c. 60A, § 1, the motor vehicle excise tax statute, requires the calculation of excise taxes by a collective valuation of all motor vehicles in the same classification, based on a statutory percentage of the manufacturer's list price; therefore, in determining the value of a taxpayer's vehicle, a board of assessors correctly used that measure, rather than the fair cash value of the vehicle, in denying an application for abatement. [229-231]

Calculation of motor vehicle excise taxes under G. L. c. 60A, § 1, based on a statutory percentage of the manufacturer's list price, does not violate due process guarantees or art. 10 of the Massachusetts Declaration of Rights, where such a method of calculation is not an irrebuttable presumption, is not wholly arbitrary or excessive, does not lack a rational basis, and constitutes a fair approximation of the privilege (use of the highways) for which the excise tax is imposed. [231-232]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court granted an application for direct appellate review.

*Erik Lund (Nicholas J. Nesgos* with him) for the plaintiff.

*Pierce O. Cray,* Assistant Attorney General, for Commissioner of Revenue.

*Robert James Blumsack,* for Board of Assessors of Medford, was present but did not argue.

Wilkins, C.J. Lily Transportation Corp. (Lily) appeals from a decision of the Appellate Tax Board (board). We granted its application for direct appellate review. The board affirmed the denial by the board of assessors of Medford (assessors) of Lily's

---

[1]Commissioner of Revenue (commissioner), intervener.

application for abatement of a 1994 motor vehicle excise imposed on a Ford truck. Lily complains that the assessors improperly valued the vehicle, which it purchased in 1994 for approximately $53,660, when they used the truck's list price of $84,332 (rather than its sale price) in calculating the excise. We conclude that the board correctly determined that G. L. c. 60A, § 1, directed the assessors to impose the challenged excise. We reject Lily's claim that the assessment of the excise violated its constitutional rights.[2]

The Registry of Motor Vehicles calculates the value of all motor vehicles registered in Massachusetts for the purpose of determining motor vehicle excises. It applies the statutory percentage, prescribed by § 1, to the manufacturer's list price for vehicles of the same make, type, model, and year of manufacture.[3]

In its decision the board in effect granted that the fair market value of Lily's truck was less than the list price. It noted, but did not explicitly find, that the evidence showed that a purchaser of a single truck always paid less than the manufacturer's list price. Few trucks are sold as "standard models" because they are customized to meet a purchaser's specifications. Lily's truck had at least fifteen "upgraded" items according to its specifications. The board ruled, nevertheless, that the Commissioner of Revenue (commissioner) and the assessors could properly value the truck by applying the statutory percentage to the manufacturer's list price. It ruled that the procedure currently followed "results in an automated, efficient, and equitable process of assessing the excise on all motor vehicles registered in the Commonwealth." It rejected both Lily's view of the statute's requirements and Lily's constitutional challenges to the statute as construed by the board.

1. Section 1 of G. L. c. 60A provides, with exceptions not here relevant, that, in each calendar year, an excise shall be assessed and levied on every motor vehicle, registered under G. L. c. 90, for the privilege of registration "measured by the value thereof, as hereinafter defined and determined, at the rate

---

[2]Lily's request for declaratory relief is misplaced in an appeal from the Appellate Tax Board. Our decision on the merits of the appeal substantially provides a declaration of rights on Lily's request for declaratory relief.

[3]The Registry of Motor Vehicles, following the methodology established by the commissioner, sends the bills for excises owed to local tax collectors who, in turn, send them to the owners of registered vehicles. See *Bordeau* v. *Registrar of Motor Vehicles*, 373 Mass. 429, 431 (1977).

of [$25] per thousand of valuation." The crucial language in § 1 for the purposes of this appeal is the "hereinafter defined and determined" language which states:

> "For the purpose of this excise the value of each such motor vehicle or trailer shall be deemed to be the value, as determined by the commissioner, of motor vehicles or trailers of the same make, type, model, and year of manufacture as designated by the manufacturer, but not in excess of the following percentages of the list price established by the manufacturer for the year of manufacture, namely: —
>
> In the year preceding the designated year of manufacture. . . . . . . . . . . . . . . . . . . . . . . . . . .50%
> In the year of manufacture. . . . . . . . . . . . . . . . 90%
> In the second year. . . . . . . . . . . . . . . . . . . . .60%
> In the third year . . . . . . . . . . . . . . . . . . . . . .40%
> In the fourth year. . . . . . . . . . . . . . . . . . . . . .25%
> In the fifth and succeeding years . . . . . . . . . . . 10%"

Section 1 of G. L. c. 60A is explicit in stating that the value of a vehicle is to be deemed the value determined by the commissioner of all vehicles of the same make, type, model, and year of manufacture as designated by the manufacturer. The amount may not be greater than a stated percentage of the list price established by the manufacturer. The statutory object is not to value the vehicle but rather to value collectively all vehicles in the same classification (make, type, model, age) based on the manufacturer's list price.

The third paragraph of § 1 provides that nothing in § 1 should be construed to prevent a board of assessors or the commissioner "from granting an abatement in any case in which the valuation aforesaid is in their or his opinion excessive." Lily does not argue that the assessors abused their discretion, as opposed to committing an error of law, in not acting in its favor pursuant to the quoted language.

Considering the impact of the percentage limitations of § 1 over the life of a vehicle, it is doubtful that excises determined under § 1, or "the valuation aforesaid," would be excessive and thus require assessors to grant an abatement to truck owners in Lily's position. The record shows, for example, that a truck is likely to be worth more than twenty-five per cent of its list price in its

fourth year and more than ten per cent of its list price in its fifth and some subsequent years. Section 1 nevertheless limits assessed values by those percentages.

In arguing that § 1 requires that the excise be based on a vehicle's fair cash value, Lily relies on language in the *Opinion of the Justices*, 250 Mass. 591, 599-600 (1925), in which the Justices answered a broad question concerning the constitutionality of a bill that proposed an excise on motor vehicles. The Justices said that problems (unidentified ones) might arise, if the motor vehicle maker's current list price, proposed to be used for determining the excise, was not "equivalent to the cost price" and substantially so for "all makes of motor vehicles." That statement presumably refers to possible constitutional infirmities in such a provision, based on positions taken by the United States Supreme Court at that time. We shall consider Lily's constitutional claims, but we find no reason based on the 1925 *Opinion of the Justices*, and the Legislature's reaction to that opinion, not to read G. L. c. 60A, § 1, as we have. Section 1 calls for a collective valuation, not an individualized one. Section 1 does not compel the commissioner to use some measure other than the manufacturer's list price in determining the value of a classification of vehicles.[4]

2. Lily's constitutional challenges to the application of G. L. c. 60A, § 1, as construed in this opinion, lack merit. The use of a truck's list price to calculate an excise is not an irrebuttable presumption that violates due process. See *Weinberger* v. *Salfi*, 422 U.S. 749, 767-768, 785 (1975); *Keniston* v. *Assessors of Boston*, 380 Mass. 888, 900 (1980). The law in this respect has changed to Lily's disadvantage since *Opinion of the Justices*, 250 Mass. 591 (1925). See L. Tribe, American Constitutional Law § 16-34, at 1622-1624 (2d ed. 1988). Moreover, using a rough approximation to calculate the excise is not wholly arbitrary. The excise concerns the right to use highways, and not directly the value of the vehicle, as would be the case of a property tax. The use of a list price to calculate the excise has not been shown to be excessive, especially given that, in the later years of a truck's life, the statutory plan of assessment uses an amount that is less than the fair market value of the vehicle. In such circumstances, no due process of law violation exists. See *Pittsburgh* v. *Alco Parking Corp.*, 417 U.S. 369, 373

---

[4]Truck manufacturers may not do their customers a service by establishing unrealistically high list prices.

(1974); *United States* v. *Manufacturers Nat'l Bank*, 363 U.S. 194, 201 (1960).

Lily has not shown that there is no rational basis for calculating the excise as the statute prescribes. Administrative convenience can provide a sufficient basis for a particular means of calculation. *Carmichael* v. *Southern Coal & Coke Co.*, 301 U.S. 495, 511 (1937). There is no violation, therefore, of equal protection of the laws. See *Personnel Adm'r of Mass.* v. *Feeney*, 442 U.S. 256, 272 (1979); *Allied Stores of Ohio, Inc.* v. *Bowers*, 358 U.S. 522, 527 (1959); *Liberty Mut. Ins. Co.* v. *Commissioner of Revenue*, 405 Mass. 352, 358 (1989), cert. denied, 494 U.S. 1055 (1990); *Beals* v. *Commissioner of Corps. & Taxation*, 370 Mass. 781, 785 (1976); *Roberts* v. *State Tax Comm'n*, 360 Mass. 724, 728-729 (1972).

"The only limitation upon the Legislature's use of its excise taxing power is that the tax be reasonable." *Commissioner of Revenue* v. *Massachusetts Mut. Life Ins. Co.*, 384 Mass. 607, 612 (1981). See *Boston Safe Deposit & Trust Co.* v. *Commissioner of Revenue*, 406 Mass. 195, 198 (1989); *Opinion of the Justices*, 324 Mass. 724, 727 (1949). Fair approximations of the value of the privilege for which an excise is imposed (here the use of the highways) are sufficient. *Andover Sav. Bank* v. *Commissioner of Revenue*, 387 Mass. 229, 236 (1982). *Commissioner of Revenue* v. *Massachusetts Mut. Life Ins. Co.*, supra at 613.

Lily's argument based on art. 10 of the Massachusetts Declaration of Rights adds nothing to its due process of law contentions that we have already rejected. See *W.R. Grace & Co.* v. *Commissioner of Revenue*, 378 Mass. 577, 589-590 (1979).

3. The decision of the Appellate Tax Board is affirmed.

*So ordered.*