N. Preston Breed & another[1] *vs.* Commissioner of Revenue. October 5, 1981. The taxpayers appeal from a decision of the Appellate Tax Board upholding a determination of the State Tax Commission (the appellee's predecessor) not to abate a portion of their 1972 income tax as determined by the Commission. In 1971 the taxpayers invested $13,750 as limited partners in a Massachusetts limited partnership organized for the purpose of acquiring an apartment house complex. The partnership sustained losses in 1971 and 1972. The taxpayers' distributive share of the 1971 loss was $11,765 and their share of the 1972 loss $16,984. They deducted these losses on their Federal and State income tax returns in each of these years. In 1972, the property in which the partnership had invested was lost by foreclosure, but the proceeds of the foreclosure sale produced a capital gain to the partnership. The taxpayers' distributive share of that capital gain for Federal income tax purposes was $24,155. They reported that gain on their 1972 Federal income tax return. The taxpayers recovered only $8,945.32 of their original investment of $13,750.

The taxpayers acknowledge that the capital gain was taxable for 1972 Federal income tax purposes. They further acknowledge that according to the literal provisions of the State income tax law this amount was a capital gain which should have been reflected in computing their 1972 State income tax. They disclosed the transaction on their 1972 State income tax return but denied that it produced a properly taxable capital gain. Gross

---

[1] Elaine C. Breed.

income for Massachusetts income tax purposes is the Federal gross income with modifications not relevant here. G. L. c. 62, § 2(a). *Smith* v. *Commissioner of Revenue*, 383 Mass. 139, 140 (1981). The taxpayers' grievance, articulately presented before us by Mr. Breed, is that because the taxpayers sustained a loss on their investment, they should not be subject to a capital gains tax on the transaction. If partnership losses were not available as deductions in computing State income tax obligations, the taxpayers might have a valid argument that they received no income which could properly be made subject to income taxation pursuant to art. 44 of the Amendments to the Constitution of the Commonwealth. In the circumstances, it was within the constitutional authority of the Legislature to impose a tax on the capital gain of $24,155 realized by the taxpayers. See *Parker Affiliated Cos.* v. *Department of Revenue*, 382 Mass. 256, 264-265 (1981). The taxpayers argue that the State income tax law discourages investments in needed residential property because the law lacks certain benefits present in the Federal tax law and taxes the taxpayers' capital gains at a higher rate than it taxes the income from which partnership losses were deductible. These arguments are for the Legislature. They do not present a case for the unconstitutionality of the tax imposed in this case. The decision of the Appellate Tax Board is affirmed.

*So ordered.*

*N. Preston Breed*, pro se.
*Gerald J. Caruso*, Assistant Attorney General, for the defendant.